HAMILTON v. LEVY.

1. ANOTHER ACTION—EVIDENCE.—Where the record in a subsequent action is introduced as testimony in a prior action between the same parties as to the same matters, its consideration cannot be objected to by the party who introduced it, nor could it affect the right of the court to adjudicate upon the issues in the cause on trial.

2. ADMINISTRATRIX—MARRIAGE by a *feme sole* administratrix does not operate to revoke the letters of administration in this State, nor, as the evidence shows, in Georgia.

3. ANCILLARY ADMINISTRATION BOND.—Where money of an estate is paid over to an ancillary administratrix in this State (who was also administratrix of the domicile), under her bond, taken by order of the Court of Common Pleas, conditioned to administer the fund according to law, and account to that court for such administration, the condition is fulfilled where she shows that there were no creditors in this State, and that the money has been paid out to creditors of the domicile.

4. IBID.—IBID.—And further moneys being in the hands of the court, the court may direct such moneys to be turned over to this administratrix

upon her satisfying the master that she has given proper security to the ordinary of the domicile for its due administration, there being unpaid debts there and none here.

Before IZLAR, J., Charleston, June, 1893.

Action by James Hamilton against Fanny Y. Levy and others, commenced in 1880. To this action all persons claiming an interest under the will of M. C. Levy were parties. .

*Mr. S. P. Hamilton,* for appellants.

*Messrs. Lord & Burke,* contra.

May 4, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. A fund of $10,064 became distributable under the decree of Judge Pressley, rendered in June, 1889, by reason of the death of the life tenant, Fanny Y. Levy, on the 14th February, 1893. No trouble was encountered in such distribution except as to the sum of $1,667.50, it being the share of the estate of S. Yates Levy, deceased. The estate of said S. Yates Levy was represented in June, 1889, by Mrs. Emma L. Cohen, as the administratrix thereof, she being a party to that action in such representative character. Mr. Sass, as master, in whose hands such share then was, doubted if the terms of Judge Pressley's decree authorized him to pay over said $1,667.50 to Mrs. Emma L. Cohen as such administratrix without an order therefor in this cause. At least three of the parties to the action denied her right to receive such share, on the grounds, *first,* that the said administration of the estate of S. Yates Levy, which had been confided to the said Mrs. Emma L. Cohen by the Court of Ordinary for Chatham County, in the State of Georgia, which was the place of domicile of the said S. Yates Levy, deceased, at the time of his death, as well as the administration upon the estate of the said S. Yates Levy, deceased, which had been granted to the said Emma L. Cohen by the Court of Probate for the County of Charleston, in the State of South Carolina, abated upon the intermarriage, in the last year or two, of Emma L. Cohen with Walter Carrington, a citizen of the State of Maryland, in which last State they now

permanently reside; and, *second,* that the assets of the estate of the said S. Yates Levy, deceased, must be administered in the State of South Carolina, where some of the distributees of his estate now reside. On the 8th day of April, 1893, Mr. Sass, as master, reported upon all these matters to the court in the foregoing action, asking the instruction of the court in the premises.

On the 25th day of June, 1893, the attorneys for Mrs. Emma L. Carrington, as administratrix as aforesaid, gave notice to the attorneys for the other parties in interest that they would move before the Hon. J. F. Izlar, as presiding judge, in open court, for an order, requiring the master (Mr. Sass) to pay over the amount of $1,667.50, now in his hands, belonging to the estate of S. Yates Levy, deceased, to such administratrix. When the motion was heard by Judge Izlar, the attorneys for Mrs. Carrigton, as administratrix, offered in evidence without objection a certified exemplication of the record from the Court of Ordinary of Chatham County (Georgia), showing that the fund previously paid to such administratrix under the order of Judge Pressley in 1889, had all been applied, in due course of her administration, to the creditors *pro rata,* in part payment of their demands against the estate of her intestate, still leaving a balance due to them. The three parties who resisted the order applied for, exhibited the record of an action begun on 31st May, 1893, in the County of Charleston, in the State of South Carolina, by James Hamilton and others, as plaintiffs, against Mrs. Carrington, as administratrix, her husband, Walter Carrington, the two sureties on her bond executed in 1889, as required by Judge Pressley, under his order of 12th June, 1889, and the other parties interested in the estate, wherein the plaintiffs demanded that Mrs. Carrington should account before the master at Charleston for her administration of the sum of $1,429.84, received by her under Judge Pressley's said decretal order, and after such accounting she and the sureties to her bond might be decreed to pay the sum so ascertained to be due; that the said Walter Carrington and Emma L., his wife, be removed from their office as administrators of the estate of S. Yates Levy, deceased, and that G. H. Sass, as mas-

ter, be made receiver, and that Carrington and his wife, Emma
L. Carrington, be perpetually enjoined from further interfer-
ence with the assets of the estate of S. Yates Levy, deceased.
On the 16th August, 1893, Judge Izlar made the following
decree:

"This case was heard upon the report of Master Sass, filed
on the 8th April, 1893. There is no dispute as to the facts.
The bill was filed for the settlement of the estate of M. C. Levy.
On the         day of         , A. D. 18   , an agreement was
made between the parties to the cause, that all the real estate
belonging to the estate of Moses C. Levy should be sold; that
out of the proceeds of sale a sufficient amount should be in-
vested in good public securities to pay Fanny Yates Levy,
widow of Jacob C. Levy, an annuity of $600, bequeathed to
her by the will of M. C. Levy, and that the balance of the pro-
ceeds should be distributed as follows, to wit: that there should
be paid to the administrator of Martha S. Levy $6,000, and
that the rest of the fund should be divided into six equal parts,
of which one-sixth should be paid to Eugenia Philips, one-
sixth to Phœba Yates Pember, one-sixth to the estate of Sam-
uel Yates Levy, one-sixth to Mrs. Fanny Repplier, one-sixth
to the children of Mrs. Emma Hamilton, and one-sixth to Mrs.
Henrietta Cohen. It was further agreed, that upon the death
of the annuitant, Fanny Y. Levy, the sum invested to provide
for the payment of her annuity should be divided into six
equal parts, which should be distributed in the manner above
set forth, the estate of S. Y. Levy to receive one-sixth.

"Some of the parties in interest being minors, the matter
was referred to Master Sass, who reported that it would be for
the interest of all the parties who were under disability, that
the proposed settlement should be confirmed. This report was
confirmed, and ordered to stand as the judgment of the court.
The real estate was sold by the master, who distributed the
proceeds, in accordance with the above agreement, except the
share of S. Yates Levy, which amounted to $2,796.07. This
was retained by the master at the instance of the other devi-
sees, who claimed that there was due to them, by the estate of
S. Yates Levy, $1,112.23, for rents which the deceased had col-

lected in his lifetime, and appropriated to his own use. On
21st June, 1889, an order was made, directing the master, out
of the share of S. Yates Levy, to retain $1,112.23, and to pay
it over to the parties entitled thereto under previous orders of
the court. The balance of the share of S. Yates Levy, the
master was ordered to pay over to his administratrix, Emma
L. Cohen, upon her entering into bond with good sureties to
be approved by the master, in the sum of three thousand dol-
lars. In compliance with this order, Emma L. Cohen executed
her bond to the master in the penal sum of $3,000, with two
good and sufficient sureties, resident in this jurisdiction, both
of whom justified in the full amount of the bond. The bond is
dated 9th July, 1889, and the condition is, 'that if the said Emma
L. Cohen do well and truly administer, according to law, all
moneys that shall come into her hands, possession, or control
under the said order, and do make a just and true account of
her actings and doings therein, when required by the court,
and do pay the same unto such persons respectively, as are en-
titled to the same by law, then the above obligation to be
void.' On the 20th July, 1889, the amount then in the mas-
ter's hands belonging to the estate of S. Yates Levy ($1,148.10)
was paid over to Emma L. Cohen as administratrix.

"S. Yates Levy, at the time of his death, and for many years
prior thereto, was a citizen of Georgia, and his domicile was
the city of Savannah. Letters of administration upon his es-
tate were granted to Emma L. Cohen by the Court of Ordinary
for Chatham County. She also obtained ancillary letters of
administration upon said estate from the Probate Court of
Charleston County, and duly advertised for creditors. No
claims or demands against the estate were ever presented in
South Carolina. It has, therefore, been ascertained in the
manner prescribed by law, that there are no domestic creditors
entitled to be paid out of the property of the decedent in this
State. The administratrix has filed an exemplified copy of the
proceedings in the Court of Ordinary for Chatham County,
showing that the money heretofore paid to her, under the
order of this court, has been applied to the payment of the in-
testate's debts with the approval of that court, and that the

creditors in that jurisdiction have not yet been paid in full. Fanny Yates Levy, the annuitant, died on the 10th February, 1893, and the master has sold the State Consols purchased for the purpose of paying her annuity, and has paid over to each of the legatees her share of the proceeds, with the exception of the administratrix of S. Yates Levy, whose share, $1,677.34, the master has retained.

"The heirs of Mrs. Hamilton and Mrs. Pember, who are distributees of S. Yates Levy, object to this money being paid over to the administratrix of S. Yates Levy, upon the ground that since the grant of administration, and since the order was made in this case directing payment to her, she has intermarried with one Walter Carrington and has removed to Baltimore, and it is claimed that her marriage has abated both the Georgia and South Carolina administrations. In Georgia the marriage of an administratrix appears to have had this effect prior to 1883; but in September of that year, an act was passed which expressly provides that 'no letters testamentary or of administration hereafter granted to a *feme sole* shall abate in consequence of her marriage after the granting of such letters, and before the final administration of the estate which she may represent.' The doctrine contended for never existed in this State. Under our law the effect of the marriage of a *feme sole* administratrix was not to abate the grant of administration, but to render the husband coadministrator with her, and to make him liable for any act of administration afterwards performed by her. And the law vested in him, for his protection, whatever control the wife acquired over the estate, by virtue of her office, to the same extent as held by her. 8 S. C., page 246; Schouler on Executors and Administrators, 154.

"I am, therefore, of opinion that Emma L. Cohen, notwithstanding her intermarriage with Walter Carrington, is still the administratrix of S. Yates Levy, both in this State and in Georgia. 'The estate of a deceased person is substantially one estate, and in this sense the residuary legatees or distributees are interested in it as a whole, even though it be spread throughout various jurisdictions; while, as a rule, such administration must be settled in the jurisdiction where it is granted. When any

surplus remains in the hands of a foreign or ancillary appointee, after paying all debts in that jurisdiction, the foreign court will, in a spirit of comity and as a matter of judicial discretion, order it to be paid over to the domiciliary executor or administrator, if there be one, instead of making distribution. The legal personal representative constituted by the forum of the domicil of a deceased intestate is usually the person entitled to receive and give receipts for the net residue of his personal estate obtained in any country. As to such legal representative, claimants who are not creditors of the estate, and especially residuary legatees and distributees, should report.' Schoul. Exec. & Admrs., 174. In this case the evidence shows that there are no unpaid local creditors, but, on the other hand, that there are creditors in Georgia. If this fund were paid to the ancillary administratrix, it would be incumbent upon her at once to remit it to the Georgia administratrix, to be applied to the intestate's debts. Under these circumstances, it is within the discretion of this court to order it paid directly to the domiciliary administratrix. I was at first inclined to the opinion that the bond given to the master under the order of the 21st June, 1889, would cover the fund now in the master's hands, but after reflection I have come to the conclusion that this is so doubtful that it is safer to require a new bond to be given before the fund is paid over.

"It is ordered, adjudged, and decreed, that the master do pay over the fund now in his hands belonging to the estate of S. Yates Levy to Emma L. Carrington, formerly Emma L. Cohen, the domiciliary administratrix, whenever it shall be made to appear to his satisfaction that the said administratrix has given to the Court of Ordinary for Chatham County, or to the proper officer of said court, good and sufficient security for the faithful administration of said fund, and for its payment to such persons respectively as may be adjudged and decreed to be entitled to the same by the said Court of Ordinary."

From this decree, James Hamilton, A. C. Munro, by Archibald Ray, her committee, and Phœbe Y. Pember, appealed on the following grounds: 1. Because the action of Hamilton *v.* Carrington having been regularly commenced, the defendants served their answers in the record filed in this case with the

clerk, and it being on the calendar, the court acquired juris-
diction of the subject-matter of the action.   2. That having
acquired jurisdiction of the cause, the court could not hear a
motion to distribute in the cause of Hamilton *v.* Levy, a case
to which Emma L. Cohen, by her intermarriage with Walter
Carrington, was no longer a party.   3. That his honor erred
in entirely ignoring the condition of the bond to the master for
$3,000, under the order of Judge Pressley, and in considering
it of no effect.   4. That after the order requiring a bond of
$3,000 by Emma L. Cohen, with sureties, and her complying
with said order, there was no other jurisdiction where an ac-
counting of the South Carolina assets could be had except in
this court, and his honor erred in not so holding.   5. That
Emma L. Cohen, now Carrington, is absolutely estopped by
said order and the condition of said bond from urging her mo-
tion in this cause.   6. That Emma L. Carrington, on her mar-
riage, ceased to have ancillary administration of the estate of
S. Y. Levy in South Carolina, and the same ought to have been
declared ended.   7. Because his honor did not order the ac-
counting for the South Carolina assets to be made before the
master in this court, in accordance with the condition of the
bond of Emma L. Cohen.   8. Because his honor erred in hold-
ing that distribution could not be had except at the place of
domiciliary administration.   9. Because the order made in this
case, that Emma L. Carrington give bond to the ordinary of
Chatham County, is utterly nugatory and void.

The first exception relates to the effect upon this action, in-
stituted in 1880, of a second action between the same parties
substantially on the same subject-matter in the same
court, begun on 31st May, 1893.   The appellants them-
selves introduced the record of the second, or last, action
as evidence at the hearing before Judge Izlar.   It seems to us,
therefore, that the effect of this second action was a legitimate
subject of inquiry by the Circuit Judge.   He held that it could
not oust the court of jurisdiction of a matter already before it.
In this we find no error.   Appellants seek to avoid the effect
of this natural conclusion by calling attention to the matter,
that Mrs. Emma L. Carrington, who was a party to this first

action in the character of administratrix of the estate of S.
Yates Levy, deceased, by her intermarriage with Walter Car-
rington, had ceased to be such administratrix, and on that
account the estate of S. Yates Levy, deceased, did not have a
representative before the court; but, as we shall presently see,
this proposition is not tenable.

The second and sixth exceptions of appellants raise the ques-
tion as to the effect of the marriage of Mrs. Emma L. Cohen,
while she was holding the office of administratrix of the estate
of S. Yates Levy, deceased, having been so appointed
while she was a *feme sole*. Appellants contend that such
marriage operated to annul such appointment. The Cir-
cuit Judge held otherwise. Under the common law, marriage
had the effect to merge the legal existence of the wife into that
of the husband. A careful inquiry will develop the fact, that
in those States of this Union where marriage operates to revoke
administration previously granted the wife while a *feme sole*,
such a result is owing to a statutory change of the common law.
In this State no such change has been introduced. *Gates* v.
*Whetstone*, 8 S. C., 247; section 1893 of the General Statutes of
this State. So far from such marriage operating to. annul the
grant of letters issued to Mrs. Carrington by the Court of Ordi-
nary of Chatham County, Georgia, the contrary is distinctly
provided by an act of that State enacted in September, 1883.

Appellants' third exception cannot be sustained. They al-
lege error in Judge Izlar in ignoring the condition of the bond
executed by Mrs. Carrigton, as administratrix, &c., under
Judge Pressley's order of 21st June, 1889. By the case,
we find that evidence was introduced at the hearing be-
fore Judge Izlar showing that every dollar received by her
under such order has been applied by her, under the sanction
and direction of the Court of Ordinary for Chatham County, in
the State of Georgia, to the payment of creditors of her intes-
tate in that jurisdiction. No objection was raised by counsel
for appellants to the competency or the sufficiency of this tes-
timony at the hearing on the Circuit. And the foregoing ob-
servations dispose of the fourth and seventh exceptions also.

In their fifth exception the appellants urge that Mrs. Car-

rington is estopped by said order (of 21st June, 1889,) and the condition of said bond (her bond under the order of 21st June, 1889,) from urging her motion to have this money paid over to her as administratrix.  We fail to see how the appellants can successfully interpose the doctrine of estoppel to the facts in proof here.  Certainly the payment of money under one order will not operate to prevent the same party applying for an order to have other moneys of the same estate paid to her, when the money received under the first order has proved inadequate to pay her intestate's debts, and that last fact is made clearly to appear.

As to the eighth exception.  Appellants urge that Judge Izlar was in error in holding that distribution of the estate of S. Yates Levy, deceased, could not be had except at the place of domiciliary administration.  We do not understand Judge Izlar to lay down the rule as broadly as is contended by appellants.  His judgment was responsive to the facts in proof before him.  It was established by the testimony here: 1, that this fund belonged to the estate of S. Yates Levy, deceased; 2, that Mrs. Carrington was both domiciliary and ancillary administratrix of his estate; 3, that all the debts of the intestate in South Carolina had been fully paid; 4, that there were debts of the intestate in Georgia still unpaid.  These facts being established, the law applying and governing the Circuit Judge in reaching a conclusion, was furnished by our own decisions. In *Tucker* v. *Condy*, 10 Rich. Eq., 16, the court held: "It is a better, wiser, and safer rule to require that all the claims presented against the ancillary administration should be first satisfied before the fund is sent abroad to the primary administrator.  When this is done, and every claim upon the ancillary administration is satisfied, comity steps in, and permits the general principle of international law to prevail, that in the disposition of personal property, the law of the proprietor's domicile shall govern."  The Circuit Judge has upheld this principle of law.  To the same effect it will be found this court held in the case of *Cureton* v. *Mills*, 13 S. C., 409.

But we would not be understood as holding that the foregoing is an absolute rule.  This court in *Graveley* v. *Graveley*, 25 S. C.,

1, held that there are exceptions to such general rule, and ac-
cordingly where one domiciled in England by his last will
provided a special pecuniary legacy for a nephew who was a
citizen of this State, his widow was the executrix in the place
of her testator's domicile, but owing to the fact that consider-
able assets belonging to her testator were in this State, she
proved the will here, and became ancillary executrix in this
jurisdiction. A difference of opinion having arisen between
such executrix and the nephew of her husband as to his pecu-
niary legacy, he brought an action against such executrix in
our courts for the recovery of his legacy, and when it was made
to appear that all the debts of the testator had been paid in
England and this State, and the assets located here were not
needed in the domiciliary jurisdiction, but could be applied
here to the payment of the legacy, it was so ordered. See
*Harvey* v. *Richards,* 1 Mason, 381. In the case at bar we have
none of the circumstances existing to make this case an excep-
tion to the general rule.

The ninth exception raises the question as to the legality of
so much of Judge Izlar's order as provided that the master
should pay over this fund to Mrs. Carrington as administratrix,
when she should furnish satisfactory evidence to the master that
she had executed a bond to the Court of Ordinary of Chatham
County conditioned for the faithful administration of such fund
and for its payment to such persons respectively as may be ad-
judged entitled to the same by said Court of Ordinary. The
Circuit Judge does not order the administratrix to give this
bond nor does he require the Court of Ordinary of Chatham
County to demand this bond; he merely denies to the adminis-
tratrix the right to receive this fund until she gives the court
satisfactory evidence that she has carried into effect its require-
ment that she shall, as a condition precedent, furnish some
security that she will administer such fund under the direction
of the court in the domiciliary jurisdiction. The Circuit Judge
had as a precedent for this portion of his order the case of
*Cochran* v. *Fillans,* 20 S. C., 245, where this court approved of
such course.

It follows, therefore, that there was no error on the part of

the Circuit Judge in any of the particulars pointed out in the exceptions of appellants.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.